# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 01-20021-01-KHV |
| ALEX E. POWELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

## NUNC PRO TUNC

On June 7, 2001, a jury found defendant guilty of being a felon in possession of a firearm and ammunition. This matter comes before the Court on defendant's Motion To Modify Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #119) filed March 19, 2007. For reasons set forth below, defendant's motion is overruled.

## Factual Background

The evidence at trial may be summarized as follows:

In March 1996, defendant was convicted of aggravated robbery and aggravated burglary in the District Court of Wyandotte County, Kansas. The Honorable J. Dexter Burdette sentenced defendant to 64 months in prison with credit for time served. Following his release, defendant resided at a halfway house.

On October 20, 2000, defendant was released from the halfway house. That evening, he went to see his girlfriend, Sheila McElroy. At approximately 11:00 p.m., the two went to a friend's apartment at 2405 Elmwood Avenue in Kansas City, Kansas. The apartment was located on the upper level of a two

story apartment building with a wrap-around balcony on the second story.  At approximately 12:20 a.m. on October 21, 2000, in response to a report of an armed disturbance at that address, Officers Chris Johnson and Steve Haulmark of the Kansas City, Kansas Police Department arrived at the apartment building.  Sergeant Kenneth Shafer arrived shortly thereafter.    Officer Johnson testified that as he approached the apartment building from the parking lot, he saw defendant banging on an apartment door on the second floor.  As Officer Johnson got closer, he observed a handgun in defendant's right hand. Officer Johnson signaled to Officer Haulmark that defendant had a gun.  When defendant turned and saw the police officers, Officer Johnson identified himself and told defendant to drop his gun.  According to Officer Johnson, defendant acted nervous; he reached down and placed the gun underneath a chair which was next to the door, immediately below a porch light.  Officer Haulmark testified that after Officer Johnson told defendant to put down the gun, he saw that defendant had something in his hand and that defendant made a movement towards the ground.  Officer Haulmark could not see what, if anything, defendant placed on the ground.  After defendant placed the gun beneath the chair, Officers Johnson and Haulmark and Sergeant Shafer ran up the stairs and arrested defendant as he attempted to enter the apartment.  Officer Johnson recovered the firearm, which was loaded with five rounds of ammunition.  Each officer testified that defendant resisted arrest.

Defendant testified that he had taken McElroy to a party at the apartment at 2405 Elmwood, but that he stayed for only a short while and left by himself to eat dinner; that he picked up dinner and stopped by a convenience store before returning to the apartment complex; that he sat in his car and ate dinner; and that he then walked up the stairs to the apartment to pick up McElroy.  Defendant testified that while he was on the balcony, he noticed police officers in the parking lot.  He testified that he went to the apartment

door and asked for McElroy, but that officers grabbed him as he entered the apartment.  Defendant

testified that the officers beat him without provocation, that he did not have a gun, and that the officers never

showed him a gun that evening.

### Procedural Background

On January 31, 2001, a grand jury returned a two-count indictment.  See Indictment (Doc. #1).

Count 1 charged defendant with possession of a firearm by a convicted felon in violation of 18 U.S.C.

§ 922(g)(1).  Count 2 charged defendant with possession of ammunition by a convicted felon in violation

of 18 U.S.C. § 922(g)(1).

On the morning of the first scheduled trial date, Michael L. Harris of the Federal Public Defender's

Office asked to withdraw because of a conflict with defendant as to trial strategy.  The Court therefore

continued the trial and appointed Terrence J. Campbell to represent defendant.  On June 7, 2001, a jury

convicted defendant on both counts.  See Verdict (Doc. #29).  Shortly after trial, defendant asked the

Court to appoint new counsel.  The Court therefore appointed Joseph D. Johnson to represent defendant

for the remaining proceedings in district court, including sentencing.

At sentencing, the government presented evidence that a 911 call by defendant's girlfriend had

prompted the police response and defendant's arrest.  On the 911 tape, McElroy told the police dispatcher

that defendant was pounding on the apartment door, that "he [was] scaring the shit out of us!" and that he

had a gun.  See Sentencing Exhibit 1.  Defendant called McElroy to testify at sentencing.  She admitted that

although she had previously told defense counsel that she did not make the 911 call, her voice was in fact

the one on the 911 tape.

The Court sentenced defendant to prison for 120 months.[1]  The Court enhanced defendant's sentence four levels under U.S.S.G. § 2K2.1(b)(5) because he possessed the firearm and ammunition in connection with another felony offense, i.e. aggravated assault of McElroy and the other apartment occupants.  See Transcript Of Sentencing (Doc. #69).  The Court also enhanced defendant's sentence two levels for obstruction of justice based on defendant's testimony at trial.  See id. at 29.  Defendant's total offense level was 26, with a criminal history category V, resulting in a sentencing range of 110 to 137 months which was capped by the statutory maximum of 120 months.

The Tenth Circuit Court of Appeals appointed Jenine Jensen to represent defendant on appeal. On May 20, 2002, the Tenth Circuit affirmed defendant's conviction and sentence.  See United States v. Powell, 33 Fed. Appx. 482 (10th Cir.), cert. denied, 537 U.S. 907 (2002).

On September 29, 2003, defendant timely filed a motion pursuant to 28 U.S.C. § 2255, alleging that Mr. Harris, Mr. Campbell, Mr. Johnson and Ms. Jensen each provided ineffective assistance.  On June 17, 2004, after an evidentiary hearing, the Court overruled defendant's Section 2255 motion.  See Memorandum And Order (Doc. #99).  The Court later overruled defendant's request for a certificate of appealability.  See Order (Doc. #106) filed September 21, 2004.  On June 22, 2005, the Tenth Circuit denied defendant's request for a certificate of appealability and dismissed the appeal for substantially the reasons stated in this Court's Memorandum And Order (Doc. #99).  See Order (Doc. #117).

On March 19, 2007, defendant filed the instant motion pursuant to 18 U.S.C. § 3582(c)(2).

---

[1]      The Court initially sentenced defendant to a term of imprisonment of 120 months on Count 1 and 17 months on Count 2, to run consecutively.  The Court vacated defendant's conviction on Count 2, however, because the two counts were based on possession of a single, loaded firearm and should have merged at the time of sentencing.  See Order (Doc. #58) filed October 19, 2001.

Defendant claims that he should be resentenced in light of Amendment 433 to the United States Sentencing Guidelines ("U.S.S.G."). Defendant also claims that he was denied effective assistance because (1) counsel did not object that his criminal history category included a prior conviction which fell outside the 15-year maximum under U.S.S.G. § 4A1.1(a); (2) counsel did not object to the four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for use of the firearm in another felony offense and (3) counsel had a conflict of interest.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c).  Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48.  None of these exceptions apply here.[2]

---

[2]     Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time.  See id.; Fed. R. Crim. P. 35 (authorizes resentencing (a) to correct illegal sentence on remand from a court of appeals; (b) to reflect defendant's substantial assistance on motion of the government; and (c) to correct arithmetical, technical, or other clear error within seven days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors).  The Court also does not have inherent authority to resentence defendant.  See Blackwell, 81 F.3d at 949.

Defendant also invokes 18 U.S.C. § 3742(f), which grants a district court authority to correct a sentence on remand from a court of appeals.  Section 3742 is not an independent jurisdictional basis for the district court to review a final sentence.  See United States v. Leonard, 120 Fed. Appx. 759, 760 (10th (continued...)

- 5 -

Defendant attempts to invoke 18 U.S.C. § 3582(c)(2), which grants a district court authority to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that the United States Sentencing Commission has subsequently lowered.  See 18 U.S.C. § 3582(c)(2).  A Section 3582 motion is a continuation of the prior criminal proceeding, but it is limited to the narrow sentencing issues prescribed in Section 3582.  United States v. Verners, 136 Fed. Appx. 142, 144-45 (10th Cir. 2005); United States v. Trujeque, 100 F.3d 869, 870 (10th Cir. 1996).  Section 3582 cannot be used to create a new vehicle for a collateral attack on a conviction.  Verners, 136 Fed. Appx. at 145.  Accordingly, the Court does not have jurisdiction to hear defendant's arguments as to ineffective assistance of counsel.  See United States v. Smartt, 129 F.3d 539, 542-43 (10th Cir. 1997) (no jurisdiction under § 3582(c) to consider collateral sentencing issues including probation department errors, applicability of other statutory sentencing provisions, and ineffective assistance of counsel; such arguments must be made under 28 U.S.C. § 2255).[3]

Defendant argues that Amendment 433 to the Sentencing Guidelines, if applied to him, would reduce his total offense level.  Amendment 433, however, cannot provide relief because it was effective on November 1, 1991, some ten years before the Court sentenced defendant.  See United States Sentencing Commission, Guidelines Manual, App. C, Vol. I at 303-04 (Nov. 1, 2003).  Because Congress has not expressly authorized the Court to review defendant's sentence under Section 3582 or otherwise,

---

[2](...continued)
Cir. 2005).

[3]      To the extent defendant seeks to raise additional claims of ineffective assistance of counsel, he must seek leave from the Tenth Circuit to file a second or successive motion under 28 U.S.C. § 2255.

the Court lacks jurisdiction to do so at this time.

**IT IS THEREFORE ORDERED** that <u>Motion To Modify Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2)</u> (Doc. #119) filed March 19, 2007 be and hereby is **OVERRULED**.  The clerk is directed to forward a copy of this Memorandum and Order to defendant and the office of the United States Attorney.

Dated this 5th day of April, 2007 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge